Balla v. Holder

BIA
Vomacka, IJ
A098 277 002

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand fourteen.

PRESENT:
> DENNIS JACOBS,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
>      *Circuit Judges*.

_____

SHKELZEN BALLA,
     *Petitioner*,

          v.                                   13-1053
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
     *Respondent*.

_____

FOR PETITIONER:        Andrew P. Johnson, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Stephen J. Flynn, Assistant
                       Director; Lynda A. Do, Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shkelzen Balla, a native and citizen of Albania, seeks review of a February 26, 2013, decision of the BIA affirming the September 14, 2011, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied Balla's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shkelzen Balla*, No. A098 277 002 (B.I.A. Feb. 26, 2013), *aff'g* No. A098 277 002 (Immig. Ct. N.Y.C. Sept. 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

A past persecution finding creates a presumption of a well-founded fear of future persecution, which the

government may rebut by demonstrating a fundamental change in circumstances in the applicant's native country. 8 C.F.R. § 1208.13(b)(1)(i)(A). In this case, the agency concluded that the success of the Albanian Democratic Party in multiple recent national elections undermined the presumption that Balla would be persecuted in the future because Albanian Socialist Party members had previously persecuted him based on his support of the Democratic Party. Substantial evidence supports the agency's finding. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *Hoxhallari v. Gonzales*, 468 F.3d 179, 185, 187 (2d Cir. 2006) (We "require no robotic incantation by an IJ when stating for the record that, for example, Albania is no longer a Communist tyranny run by a psychopath." (internal quotation marks omitted)).

Balla argues that Albania is still a corrupt state and that Albanian police sometimes operate with impunity. However, generalized violence does not give rise to an asylum claim, and in any event Balla fails to demonstrate that he has an objectively reasonable fear of future persecution on account of a protected ground, or that anyone seeks to harm him specifically. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *Melgar de Torres*

3

*v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999). Because Balla did not establish the objective likelihood of future harm needed to make out an asylum claim, he is necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010); *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

In certain circumstances, an IJ may grant asylum to an applicant who has established past persecution, but not a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(iii); *Wu Zheng Huang v. INS*, 436 F.3d 89, 98 (2d Cir. 2006). This so-called "humanitarian asylum" has been reserved for applicants who have suffered atrocious forms of persecution or who may suffer other serious harm upon their return. *See* 8 C.F.R. § 1208.13(b)(1)(iii); *Matter of Chen*, 20 I. & N. Dec. 16, 19 (B.I.A. 1989). To merit a grant of humanitarian asylum on the basis of severe past persecution, an applicant must demonstrate "long-lasting physical or mental effects of his persecution." *Jalloh v. Gonzales*, 498 F.3d 148, 151-52 (2d Cir. 2007).

4

Balla states that he was beaten on several occasions and threatened with death if he did not stop supporting the Democratic Party, but he fails to discuss what lasting physical or emotional impact this harm had on him. The agency did not abuse its discretion when it concluded that Balla failed to demonstrate that the persecution he suffered was so severe as to warrant humanitarian asylum. *See* 8 U.S.C. § 1252(b)(4)(D); *Jalloh*, 498 F.3d at 151-52; *Hoxhallari*, 468 F.3d at 184 (upholding the denial of humanitarian asylum to a supporter of the Albanian Democratic Party who had been beaten and harassed on six occasions).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk